UNITED STATES of America,
Plaintiff–Appellee,

v.

Erick ARMENDARIZ–BUSTAMANTE,
a/k/a Ricardo Ramirez, a/k/a Suavez
Castro, a/k/a Jorge Lopez–Trejo, De-
fendant–Appellant.

No. 01–4526.

United States Court of Appeals,
Fourth Circuit.

Submitted Jan. 14, 2002.

Decided Jan. 29, 2002.

John C. Kiyonaga, Kiyonaga & Kiyona-
ga, Alexandria, Virginia, for Appellant.
Paul J. McNulty, United States Attorney,
T.C. Spencer Pryor, Special Assistant
United States Attorney, Alexandria, Virgi-
nia, for Appellee.

Before WIDENER, MICHAEL, and
TRAXLER, Circuit Judges.

OPINION

PER CURIAM.

Erick Armendariz–Bustamante, a Mexi-
can citizen, appeals his bench conviction
under 8 U.S.C.A. §§ 1326(a), (b)(2) (West
1999) of illegal re-entry into the United
States after being deported subsequent to
a 1992 California felony conviction of sale
or transportation of cocaine base. We af-
firm.

On May 19, 1995 and January 18, 1997,
Armendariz–Bustamante, who was then
using the false name Jorge Lopez–Trejo,
was deported to Mexico following his felo-
ny conviction. Shortly thereafter, Armen-
dariz–Bustamante applied to the United
States Consulate in Mexico for a non-im-
migrant visa under the name Armendariz–
Bustamante.* On February 21, 1997, the
United States Consulate in Mexico City
issued Armendariz–Bustamante a non-im-

* Because the consulate destroys its records af-
ter two years, evidence as to the content and
representations made in the application was
unavailable.

migrant B1/B2 visa for temporary entry into the United States. He intentionally re-entered the United States and was found in Virginia in November 2000. Armendariz–Bustamante never filed an Application for Permission to Reapply for Admission into the United States after Deportation or Removal (Form I–212).

We find the visa issued by the United States Consulate to Armendariz–Bustamante did not constitute the requisite express authority of the Attorney General to re-enter the United States after having been previously deported. See 8 U.S.C.A. § 1326 (West 1999); *United States v. Trevino–Martinez*, 86 F.3d 65, 68 (5th Cir. 1996); *see also United States v. Espinoza–Leon*, 873 F.2d 743, 746 (4th Cir.1989) (requiring express consent of Attorney General for re-entry). Additionally, Armendariz–Bustamante concedes he failed to file Form I–212, which would have constituted the statutorily required express consent.

We conclude the district court did not err in determining Armendariz–Bustamante failed to obtain the statutorily required express permission of the United States Attorney General to re-enter the United States. Consequently, we affirm Armendariz–Bustamante's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*